SAVOY, Judge.
Defendant purchased a vehicle from Richard A. Davis, doing business as Central Motor Company at Alexandria, Louisiana, Davis having purchased said car from Bob French, doing business as Bob French Motors. The sale was a credit one. Defendant executed a conventional chattel mortgage and a promissory note representing the balance of the amount due on said car. The note was transferred to Commercial Securities Company, Inc. Defendant became delinquent on some of his monthly installments and Commercial Securities Company, Inc., filed the present suit, had the car seized and advertised for sale.
Farmers Underwriters Association filed an intervention in the case at bar, stating that it is the lawful owner of the car allegedly sold to Brasher, having paid the original owners, L. F. Horn and his wife, Hazel Horn, under a theft policy issued on said car.
Defendant answered the suit stating that he obtained the title in question from Richard A. Davis, doing business under the firm name of Central Motor Company, and asked that in the event Davis had not transferred a valid title to him that he be entitled to call Davis in warranty and have judgment against Davis for the purchase price of the car. Richard A. Davis filed an answer stating that his firm had purchased said car from Bob French, doing business as Bob French Motors of Shreveport, Louisiana, that his firm had purchased same in good faith, and that he should be decreed the owner of said property sold to defendant, and alternatively, if the Court should conclude that his firm did not have a good title to said car, that he should have judgment against Bob French, doing business as Bob French Motors, for all damages occasioned by the defect in said title, holding Davis harmless for any damages occasioned by virtue of these proceedings.
*840 The sheriff’s sale was restrained by order of court. The matter was then fixed for trial and after a hearing thereon, the trial judge decided that Farmers Underwriters Association was the lawful owner of said automobile, declared the act of chattel mortgage executed by Brasher null and void insofar as it purported to be a lien on the automobile, and further granted defendant Brasher relief prayed for in his answer and call in warranty against Richard A. Davis, doing business as Central Motor Company. He rejected the demand made by Davis for a call in warranty against French.
From the judgment of the district court, Davis appealed to this court.
Counsel for Davis contended that inter-venor did not offer any proof in support of its title in the district court, and that accordingly, Davis should be decreed the owner of the property in litigation; that if this Court should not agree with counsel for Davis on this point, that alternatively, the judgment should be amended so as to grant Davis the remedy prayed for in his answer and call in warranty against French.
Counsel for intervenor relied on the case of Packard Florida Motors Co. v. Malone, 208 La. 1058, 24 So.2d 75. In the Malone case, supra, the Supreme Court held that the sale of a thing belonging to another is null and that an innocent purchaser of an automobile under a defective title, who acquired possession through mesne conveyances from one who stole the automobile, could not recover against the true owner. In the Malone case, supra, no question was raised as to the title of Packard Florida Motor Company, plaintiff in said suit, and the certificate of title was not at issue in that case.
In the case at bar counsel for defendant objected to the introduction of the Oklahoma title certificate in evidence for the reason that a proper foundation had not been laid for the introduction of same. The trial judge allowed the certificate in evidence, subject to counsel for defendant’s objection. The certificate of title introduced in evidence in this case is an unauthenticated, unidentified photostat copy of an alleged original certificate of title of the State of Oklahoma.
This Court is of the opinion that the objection made by counsel for Davis was valid and that the trial court should have sustained said objection.
This Court concludes that Richard A. Davis, doing business as Central Motor Company, is the true and lawful owner of said vehicle, a 1956 Ford Sedan, and that the chattel mortgage and note granted by defendant to Commercial Securities Company, Inc., is valid and enforceable.
In his brief filed in this Court, counsel for Farmers Underwriters Association argues that counsel for Commercial Securities Company, Inc., and Richard A. Davis stipulated that he would not contest the title of Farmers Underwriters Association. We find no such stipulation in the record, and letters written by Commercial Securities Company, Inc., and counsel for Richard A. Davis were written after the judgment was signed in the lower court and the appeal in this case perfected, and are therefore not properly a part of the record which we can consider on appeal.
During oral argument and in his brief, counsel for Commercial Securities Company, Inc., and Richard A. Davis contended that Farmers Underwriters Association was not the owner of the car in question.
For the reasons assigned, the judgment of the district court is annulled and vacated, and judgment is hereby rendered in favor of Richard A. Davis, doing business as Central Motor Company, and against Farmers Underwriters Association, intervenor, decreeing Richard A. Davis to have been the lawful owner of the car sold to Jack Brasher at the time of said sale, recognizing the chattel mortgage granted by defendant, *841 Jack Brasher, in favor of Richard A. Davis, doing business as Central Motor Company, recalling the writ of injunction granted by the district judge enjoining the sale of the property in litigation, ordering the sheriff to sell said property according to law and dismissing the call in warranty by Jack Brasher.
Intervenor, Farmers Underwriters Association, is to pay all costs of court in the district court and on appeal.
Reversed and rendered.